returned to the second case on today's calendar, which is Avail Holding LLC v. Ramos, No. 19-4235. Mr. Wormuth, you're up. Thank you, Your Honor. May it please the court, my name is Glenn Wormuth and I represent the appellant Avail Holding LLC. In this foreclosure action, the defendant moved for summary judgment based on her affirmative defense that the statute of limitations had run. And in order to deceive that motion for summary judgment, all Avail had to do was raise a legitimate meritorious issue of fact as to whether the statute of limitations had or had not run. They did not have to prove that the statute of limitations had not run. They only had to raise an issue of fact. It was Ms. Ramos's position that the fact that a prior foreclosure action had been commenced in 2011 was prima facie proof that the loan had been and that it had expired before this action was commenced in 2019. Avail took the position that there were issues of fact as to whether or not the commencement of the 2011 action started the running of the statute of limitations. And in particular, Avail took a position that there was an issue of fact as to whether the plaintiff in the 2011 action, which was not Avail, had standing to commence that action. And it is undisputed that where a plaintiff in a foreclosure action lacks standing, they also lack the ability to accelerate the loan. And therefore, a plaintiff without standing cannot start the running of the statute of limitations. So then we come to the issue of whether there's an issue of fact in this 2011 action as to whether that plaintiff had standing. And when we look to that issue, we need to go no further than Ms. Ramos's position in that case. Because in the 2011 case, Ms. Ramos took the vehement position that the plaintiff in that case did not have standing. Ms. Ramos asserted two affirmative defenses in which she claimed there was no standing by that plaintiff to bring that action. Now, when Ms. Ramos raised her affirmative defense of lack of standing in that action, it created a requirement that in order to prevail in that case, there was a burden on the plaintiff to prove standing. So the presumption was, once she raised that, that there was no standing. Now, the lower court did not decide the standing issue. The lower court issued an order in which it dismissed the case on other grounds. It never reached the standing question. It never ruled that the plaintiff did have standing. And so thus, at the time that action was dismissed, there had never been a finding that the plaintiff in that action had standing. Now, in the current action, Ms. Ramos takes the vehement position that the plaintiff in the 2011 action did have standing in 2011. And it is a veiled position that there is an issue of fact, if you just accept what Ms. Ramos said in 2011, and compare and contrast it with what she says in 2019, there's an issue of fact, because she says both things. Now, if you look to the 2011 action, which is what I believe will have to happen when the evidence that the plaintiff in the 2011 action did not have standing. The plaintiff in the 2011 action never supported its proof of standing with anything that was anywhere near sufficient. They put in an affidavit of a Mr. Haidtman. He was allegedly from the servicing agent. There was no servicing agreement. There was no power of attorney showing Mr. Haidtman had the ability to give his affidavit. And Mr. Haidtman didn't annex any business records to his affidavit, which would support a finding that they were standing by that plaintiff in 2011. So everything in the 2011 action points to the fact that if that action had continued and not been the statute of limitations did not start to run at that time. And it prevails position that at a minimum, there's an issue of fact as to that issue. In addition, a veil has investigated and provided the court with proof that the plaintiff in the 2011 action was a business trust that was not authorized to do business in the state of New York. And that as a result, it had no capacity to bring that action in 2011. The actions it took were a nullity. And therefore, that commencement did not accelerate the loan. And again, it is not a veil burden to prove that it is only a veil burden to raise an issue of fact. And the lower court dismissed this case on summary judgment, even though these issues of fact existed. And a veil was entitled to all reasonable inferences and to resolve all ambiguities in its favor. And the lower court did not do that. The Ramos in her reply papers in the lower court raised a new argument for the first time that the note was a next to the complaint. And therefore her position was that that was proof that the plaintiff in that action had standing. One minute. Thank you. However, at the Ramos sites on this issue of annexing the note to the complaint did not exist. That law did not come into effect until years later. So it was not a proper standard to look at the 2011 action and the 2013 dismissal through the viewpoint of a 2019 law. And it is the it is a veil position that the lower court should be reversed and that the case should be returned for a proper determination on the merit. Thank you, Judge Parker. Any questions? My reading of the record, the in the 2011 action, your predecessor, FCDB, attached a note endorsed to it. And that was your defense to her standing condition that that was, excuse me, your predecessor's response to Ms. Ramos position on standing. Why didn't the note carry the day? Well, Your Honor, in fact, that was not the plaintiff's response in 2011. If you read the plaintiff, Larry Powell was the attorney for the 463 and 464. And Mr. Powell doesn't rely on the fact that the note is endorsed in blank and attached. Mr. Powell relies on assignments, which we all agree were no good, because there was a merge assignment, which, as a matter of law, is not a good assignment. So it would only be physical possession. And then Mr. Powell says, well, we have proven physical possession of this note endorsed in blank by putting in Mr. Haidtman's affidavit. But Mr. Haidtman's affidavit was insufficient in all regards. Was there an endorsed note? Yes. And why is that not sufficient under New York law? It wasn't sufficient under New York law in 2013, when that order was decided. And the reason that it isn't sufficient, that they didn't prove standing under New York law that was in place at the time, is because they would have had to have an affidavit. And that affidavit would have been by someone with personal knowledge or who had a next business record proving what they were saying. And that affidavit would have to establish that that plaintiff was in possession of that note at the time that that action was commenced. And that did not happen in this case. Thank you. Thank you. Judge Raji? I have no questions. Thank you. Thank you. So we'll turn. I have no questions. We'll turn to Mr. Newton. Good afternoon. And may it please the court. My name is Christopher Newton, and I represent the defendant, I believe, Frances Ramos. The district court correctly found that this fourth attempt to foreclose on a decade-old default is time-barred. And so the definition of the complaint and the grant summary judgment on Ms. Ramos' counterclaims was proper. This court should affirm. Under New York law, Ms. Ramos set out her prima facie entitlement to summary judgment by establishing that the 2011 plaintiff accelerated the amount due under the loan at the time it filed the 2011 action, and that this case was filed in 2019, more than six years later. The burden then shifted to avail to produce admissible evidence that there is a question of fact as to whether the action is timely. Avail failed to meet that burden. The terms of Ms. Ramos' mortgage loan allowed the lender to call the total amount due under the loan, in other words, to accelerate the loan upon her default. Acceleration can occur in a number of ways, including by the lender mailing an acceleration notice to the borrower. In New York, courts have consistently held that the filing of a foreclosure action also serves to accelerate the amount due under the loan. The commencement of a foreclosure action, therefore, has two distinct legal significances. First, the lawsuit is filed, and second, the loan is accelerated if it had not already been accelerated. Because the foreclosure filing also serves to accelerate the loan, New York courts have consistently held that even if the foreclosure action is dismissed because the lawsuit is fatally flawed, the acceleration remains valid. The only exception that New York courts have identified is that if a foreclosure case is dismissed upon a finding that the prior plaintiff lacked standing, that serves as a finding that the plaintiff did not have the authority to accelerate the loan. Avail seeks to expand this narrow exception to say that it was Ms. Ramos' burden to affirmatively establish that the 2011 plaintiff had standing. That position is wrong. Over the past 16 months, New York's appellate division has held on four separate occasions that it is the foreclosing plaintiff's burden to produce evidence that the plaintiff in the prior action lacked standing. Avail produced no actual evidence here. Instead, it pointed to alleged shortfalls in the 2011 filing, which simply are not enough to rebut Ms. Ramos' prima facie showing. And even though it was not her burden to establish whether the 2011 plaintiff had standing, Exhibit A to her motion for summary judgment in the district court was a copy of the 2011 complaint. Attached to the 2011 complaint was a copy of the promissory note endorsed in blank. Under New York law, that is enough to state a prima facie claim for the 2011 plaintiff's standing. Because absent some sort of evidence to the contrary, that shows that the plaintiff had possession of the note at the time the action was commenced. Ms. Ramos is not stopped from responding to Avail's argument that the 2011 plaintiff lacked standing. Judicial estoppel has two elements. An inconsistent position in a prior action and a reliance upon that position by the court in the first action. Avail concedes that it does not meet the second prong, yet nonetheless seeks to disparage Ms. Ramos for prevailing on her statute of limitations defense. The simple fact is that in the 2011 action, Avail's predecessor alleged that it had standing and Ms. Ramos argued that it did not. So both parties here would meet the first element of estoppel because both have reversed course. However, the state court did not address the standing question, so the second prong of estoppel is not met. Avail's argument that equity and fairness require a different result would force this court to ignore the express policy of the state of New York. New York has enacted a statute of limitations for lenders to bring foreclosure actions and has enacted a separate provision allowing homeowners to bring quiet title actions to cancel and discharge mortgages whose enforcement is time-barred. Avail's equity argument is also completely unsupported by any authority whatsoever. Put simply, in March 2018, Avail chose to voluntarily discontinue its timely 2015 action. Avail waited 10 months and then Avail filed this new untimely action. Understandably, Avail now regrets that choice. It may choose to hold itself responsible for that decision or it may seek to hold its attorneys responsible for that decision. What it may not do is it's a blessing of this court to ignore the statute of limitations just because Avail does not like the outcome. Lastly, Avail's argument that the 2011 action did not accelerate the loan because the 2011 plaintiff was not licensed to do business in the state and therefore lacked capacity to do fails because that argument is not supported either by relevant case law or by an iota of admissible evidence. Capacity and lack of standing are completely separate concepts and Avail conflated the two in the district court when it argued at A332 that the 2011 plaintiff, quote, did not have standing or authority to commence the 2011 action, end quote. And it said that because of that the 2011 action was void ad initio and failed to accelerate the loan. As a threshold matter, Avail utterly failed to produce any admissible evidence that the 2011 plaintiff was not licensed to operate in New York. It only offered a one-page printout, allegedly from the Department of State website, and dated the same day that plaintiff filed its opposition to the motion. And it offered one sentence in its attorney's declaration. That is not enough. In any event, since the filing of the action serves to commence the lawsuit and also separately serves to accelerate the loan, New York courts have held that where a prior foreclosure action failed for a technical defect, such as failing to comply with the conditions precedent or failing to properly serve the defendant, the election to accelerate contained in the complaint is still effective. Here, assuming that Avail had proven that the 2011 plaintiff was not authorized to do business in New York and therefore lacked capacity, that would merely have been a technical defect related to whether the business was allowed to litigate in New York courts. It would not affect whether the 2011 plaintiff had the authority to accelerate the loan. Avail did not provide any case law that would suggest that a lack of capacity will be treated differently than any other technically defective complaint. And all of those serve to accelerate the loan with the sole exception of a determination that the prior plaintiff lacked standing. If the court has any questions, I'm happy to address those now. Judge Parker. Oh, no, I don't. Thank you. Judge Rodger. No, thank you. And I have none, so we will turn to Mr. Warmuth, who's reserved two minutes. Thank you, Your Honor. Your Honor, it was not Avail's burden to prove that the plaintiff in the 2011 action didn't have standing. It's that Ms. Ramos seeks to say that the proof that the 2011 action was commenced is there's no reason to look any further than that. There was a 2011 action and that means that there are no issues of fact. But if you look at the 2011 action and you look at the status of the 2011 action at the time it was dismissed, there is no way for this court to say that the issue of standing was decided. Because it was not decided. And in fact, it was very much at issue. And it was very much at issue because Ms. Ramos took the position it was very much at issue. So if the question here is whether there's an issue of fact as to whether the 2011 action, the plaintiff in that action had standing, there absolutely is an issue of fact as to whether the plaintiff in the Ramos site these cases that say whether the fact that a prior action was commenced means that it's the burden of the plaintiff to show that there's an issue of fact. And that's correct. And in none of those cases did we have a defendant who in the prior action took the affirmative position in her answer and in her motion and in her reply papers that there was no standing. So this is a issue of fact as to whether the plaintiff in that 2011 action had standing and whether they could accelerate. Thanks very much. Thank you very much. Judge Parker? Uh, no questions. Thank you. Judge Raji? No, thank you. Thank you very much. We'll reserve decision.